Dispo12C – Rev. 10/13



# United States District Court
### District of Arizona
## Probation Office
# MEMORANDUM

**DATE:** December 27, 2016

**FROM:** Gloria Adamski-Soto
Senior U.S. Probation Officer
Office Phone:  520-205-4472
Cell Phone:  520-861-0432

**RE:** Julia Ann Romo
Case No.  CR-14-01368-001-TUC-JGZ (EJM)
SUPERVISED RELEASE DISPOSITION REPORT

**TO:** The Honorable Jennifer G. Zipps
United States District Judge

**VICTIM NOTIFICATION**

Not required pursuant to 18 U.S.C. § 3771.

**PROCEDURES FOLLOWED**

On November 1, 2016, the Court issued warrant for Romo's arrest in response to a Petition to Revoke Supervised Release filed the same day. On November 21, 2016, deputies from the U.S. Marshals Service executed the warrant. The offender attended an Initial Appearance hearing on November 23, 2016, and the Court ordered she remain detained pending revocation. On December 9, 2016, Romo admitted to Allegation B of the petition, alleging she possessed heroin, without the benefit of a written agreement. The remaining allegation, alleging she committed a new offense, will be dismissed at disposition. The Court ordered she be released from custody and scheduled a disposition hearing on January 13, 2016.

**RELEASE STATUS**

Romo is out of custody.  As of January 13, 2016, Romo will have 19 days of predisposition custody.

**ALLEGATIONS ADMITTED**

  B     **Standard Condition #9** which states, *"You shall not purchase, possess, use  distribute or administer any narcotic or other controlled substance as defined in section 102 of the Controlled Substance Act (21 U.S.C. §  801) or any paraphernalia related to such substances, without a prescription by a licensed medical practitioner. The use of possession of medicinal marijuana, with a physician's written certification, is not permitted. Possession of controlled substances will result in mandatory revocation of your term of supervision.*

       1) On October 10, 2016, Romo possessed heroin. The allegation is evidenced via Pima County Sheriff's Department report number 161010148. Grade C violation. §7B1.1(a)(3).

**ALLEGATIONS TO BE DISMISSED**

    A    **Standard Condition #1** which states, *"You shall not commit another federal, state, or local crime during the term of supervision."*

       1) On October 10, 2016, Romo committed the offense of Possession of a Narcotic Drug, in violation of Arizona Revised Statues § 13-3408, a Class 4 felony. The allegation is evidenced via Pima County Sheriff's Department report number 161010148. Grade B violation. §7B1.1(a)(2).

       2) On October 10, 2016, Romo committed the offense of Possession of Drug Paraphernalia, in violation of A.R.S. § 13-3415, a Class 6 felony. The allegation is evidenced via Pima County Sheriff's Department report number 161010148. Grade B violation. §7B1.1(a)(2).

**RANGE OF IMPRISONMENT APPLICABLE UPON REVOCATION**

A Grade C violation combined with a Criminal History Category I results in a revocation range of three to nine months imprisonment. U.S.S.G. §7B1.4(a).

The statutory maximum term of imprisonment allowable upon revocation is 24 months as the offense that resulted in the term of supervised release is a Class C Felony.  18 U.S.C. § 3583(e)(3).

At the time of sentencing, the offender's original guideline sentencing range was 18 to 24 months, and the offender was sentenced to time served (2 days prison), followed by 36 months supervised release.

**SENTENCING OPTIONS**

Upon a finding of a Grade C violation, the Court may (A) revoke supervision or (B) modify the conditions of supervision. U.S.S.G. §7B1.3(a)(2).

In the case of a Grade C violation where the minimum term of imprisonment determined under U.S.S.G. §7B1.4 is at least one month but not more than six months, the minimum term may be satisfied by A) a sentence of imprisonment or B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G. §5C1.1(e) for any portion of the minimum term. U.S.S.G. §7B1.3(c)(1).

Should the Court make a finding the offender possessed a controlled substance, supervised release must be revoked and a term of imprisonment imposed.  18 U.S.C. § 3583(g)(1).

Although 18 U.S.C. § 3583(e)(3) applies (the instant offense occurred on or after April 30, 2003), the maximum available supervised release term is 36 months as no prior revocations have occurred.

Page 3
RE:  Julia Ann Romo
Supervised Release Disposition Report
December 27, 2016

**DEPARTURE FACTORS TO BE CONSIDERED**

The following case-specific factor was identified as potentially relevant in determining the level of trust violated the extent of any potential departure from the policy statement range and the appropriateness of a sentence beyond the revocation range, including the statutory maximum:

Where the original sentence was the result of a downward departure or a charge reduction that resulted in a sentence below the guideline range applicable to the offender's underlying conduct, an upward departure may be warranted. At the time of sentencing, the offender's original guideline sentencing range was 18 to 24 months, and the offender was sentenced to time served (2 days prison).

While the probation officer has identified a factor relevant to sentencing outside the revocation policy range, this does not mandate such a recommendation, nor does it preclude the Court or counsel from considering additional factors at the disposition hearing.

**UNSERVED SANCTION ADJUSTMENT**

None.

**OFFICIAL DETENTION**

None.

**HISTORY OF COURT ACTION**

| **Court Date and Action** | **Circumstance(s)** |
|---|---|
| 1/14/2015: Sentenced to time served (2 days) Bureau of Prisons; and 36 months supervised release | Instant Offense: Transportation of Illegal Aliens for Profit, 8 U.S.C. § 1324(a)(1)(A)(ii) & (a)(1)(B)(i), a Class C Felony |

Page 4
RE:  Julia Ann Romo
Supervised Release Disposition Report
December 27, 2016

## SENTENCING RECOMMENDATION

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF ARIZONA
### UNITED STATES V. Julia Ann Romo, DKT. CR-14-01368-001-TUC-JGZ (EJM)

Official Detention Adjustment:  None

Highest Grade of Violation:  C

Criminal History Category:  I

| | **Statutory Provisions** | **Guideline Provisions** | **Disposition Agreement Provisions** | **Recommended Sentence** |
|---|---|---|---|---|
| **CUSTODY:** | Up to 24 months, 18 U.S.C. § 3583(e)(3) | 3 to 9 months, §7B1.4(a) | Not Applicable | 6 months |
| **SUPERVISED RELEASE:** | Up to 36 months (less any term of imprisonment imposed), 18 U.S.C. § 3583(h) | Up to 36 months (less any term of imprisonment imposed), §7B1.3(g)(2) | Not Applicable | 24 months |

**JUSTIFICATION**

Romo's term of supervised release commenced January 14, 2016. At original sentencing, the Court ordered the following special conditions: substance abuse treatment and testing, warrantless search, financial disclosure, mental health treatment and no alcohol. The Court displayed mercy at original sentencing and sentenced Romo to time served (two days custody), despite the fact that she had entered into a written plea agreement stipulating to a sentencing range of 12 to 18 months incarceration.

Romo's performance on supervision was mediocre.  She resisted change and refused to admit her use of prescription opiates was problematic. She resisted advice to distance herself from problematic peers. Eventually, she violated her conditions of supervised release by possessing heroin on October 10, 2016. The Court released her on December 9, 2016, pending revocation. The conditions of release included: global position system (GPS) monitoring, no alcohol, consuming narcotics as prescribed, weekly office visits with the probation officer, notification to the probation officer of being prescribed narcotics, mental health treatment and warrantless search.  As of the writing of this report, she incurred no violations of those conditions.

Page 5
RE:  Julia Ann Romo
Supervised Release Disposition Report
December 27, 2016

Romo failed to capitalize on the opportunity afforded to her by the Court at original sentencing and committed a serious violation. For this reason, it is respectfully recommended the Court sentence her to six months imprisonment to promote respect for the law. An additional 24-month term of supervised release is recommended to assist her with her rehabilitation upon release from imprisonment.

**SPECIAL CONDITIONS**

A substance abuse condition is recommended as Romo abused heroin during her term of supervision. A no alcohol condition is recommended as she will be required to abstain during treatment. A mental health condition is recommended as she has a history of mental health issues. Financial disclosure and prohibition of unauthorized debt are also recommended as she committed the instant offense for financial gain. Warrantless search is recommended as the offender possess heroin during her term of supervised release.

**VOLUNTARY SURRENDER**

Not recommended.

**RECOMMENDATION**

If the Court concurs, the following language may be used.

The Court has considered the factors set forth in 18 U.S.C. § 3583(e), the U.S. Sentencing Commission Chapter 7 policy statements, the original guideline range, statements of the parties, and all documentation submitted, including the disposition report.

It is the order of the Court that probation/supervised release is revoked and Julia Ann Romo is committed to the custody of the Bureau of Prisons for a period of six months.

Upon release from imprisonment, the offender shall be placed on supervised release for 24 months.

While on supervised release, the defendant shall comply with the standard conditions of supervision adopted by this Court in General Order 12-13. Of particular importance, the defendant shall not commit another federal, state, or local crime during the term of supervision and the defendant shall abstain from the use of illicit substances.  Within 72 hours of release from the custody of the Bureau of Prisons the defendant shall report in person to the Probation Office in the district to which the defendant is released.  The defendant shall comply with the following additional conditions:

1. You shall participate as instructed by the probation officer in a program of substance abuse treatment which may include testing for substance abuse. You shall contribute to the cost of treatment in an amount to be determined by the probation officer.

2. You shall submit your person, property, house, residence, vehicle, papers, computers as defined in 18 U.S.C. 1030(e)(1), other electronic communications or data storage devices or media, or office, to a search conducted by a probation officer.  Failure to submit to a search may be grounds for revocation of release.  You shall warn any other occupants that the premises may be subject to searches pursuant to this condition.

Page 6
RE:  Julia Ann Romo
Supervised Release Disposition Report
December 27, 2016

3. You shall provide all financial documentation requested by the probation office.

4. You are prohibited from making major purchases, incurring new financial obligations, or entering into any financial contracts without the prior approval of the probation officer.

5. You shall participate in a mental health program as directed by the probation officer which may include taking prescribed medication. You shall contribute to the cost of treatment in an amount to be determined by the probation officer.

6. You shall abstain from all use of alcohol or alcoholic beverages.

The Court affirms any previous order imposing special assessment, fine or restitution in this case.

Submitted by:

*Gloria Adamski-Soto*     12/27/2016
Gloria Adamski-Soto     Date
Senior U.S. Probation Officer
Office:  520-205-4472
Cell:  520-861-0432

Reviewed by:

*[signature]*     12/27/2016
for  Debra A. Winchester     Date
Supervisory U.S. Probation Officer
Office:  520-205-4498
Cell:  520-861-2930